UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL WAYNE HENDERSON, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:22-cr-00014-GFVT-MAS <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the United States' Notice of *Res Gestae* and 404(b) Evidence. [R. 16.] The United States noticed that it intends to introduce evidence of Mr. Henderson's prior acts. *Id.* Mr. Henderson opposes the introduction of these prior acts, and the Court held a hearing on the matter. [R. 17; R. 29.] At the hearing, counsel for Mr. Henderson objected to introducing the prior acts, and the Court construes the objection as an oral motion to exclude. Because the prior acts constitute *res gestae* evidence, they are admissible at trial. However, the details of Mr. Henderson's 2002 conviction are unduly prejudicial and therefore inadmissible. Thus, Mr. Henderson's motion is **GRANTED** in part and **DENIED** in part.

I

In September 2021, a grand jury indicted Defendant Michael Henderson with one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). The United States filed notice of its intent to present evidence of prior bad acts at trial. [R. 16.] Mr. Henderson responded in opposition, arguing that these acts are inadmissible under Federal Rule of Evidence 404 and would be unfairly prejudicial. [R. 17.]

The United States seeks to introduce evidence relating to five prior acts of Mr. Henderson. *Id.* First, a 2002 conviction for deviate sexual conduct that requires Mr. Henderson to register as a sex offender. *Id.* at 2. Second, a 2010 conviction for failure to register as a sex offender. *Id.* Third, a 2020 supervised release violation for failing to register as a sex offender. *Id.* at 4. Fourth, a September 2021 arrest in Kentucky. *Id.* Fifth, an October 2021 arrest in Indiana where Mr. Henderson provided a false name to police. *Id.* at 5. The United States argues that these acts are directly probative of his guilt and not substantially outweighed by a risk of unfair prejudice. *Id.* Therefore, the United States seeks to introduce the evidence as *res gestae* or 404(b) evidence.

## II

Generally, the Government may not introduce evidence of prior bad acts at trial due to the concern that the introduction of such evidence may lead to an improper guilty verdict. Fed. R. Evid. 404. However, the Government may introduce evidence of past conduct if the conduct is sufficiently tied to the presently charged offense. As explained by the Sixth Circuit:

> [p]roper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). When a party presents background or *res gestae* evidence in this way, it is not subject to the strictures of Rule 404(b). *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (citing *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)). The United

States claims that evidence of Mr. Henderson's 2002 conviction for deviate sexual conduct, 2010 conviction for failure to register as a sex offender, 2020 supervised release violation for the same, 2021 arrest in Kentucky, and 2021 arrest in Indiana are all admissible as background evidence because they are evidence intrinsic to and directly probative of allegations contained in the indictment. [R. 16 at 4-5.]

First, the Court must consider whether the evidence the Government seeks to introduce has a sufficient "causal, temporal, or spatial connection with the charged offense." *Marrero*, 651 F.3d at 471 (quoting *Hardy*, 228 F.3d at 748). Evidence relating to prior bad acts "occurring on a subsequent date, much later in the timeline relevant to the charged offense, will rarely constitute background evidence." *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015). The United States argues that the prior acts are sufficiently connected because they are directly probative of the present allegations. [R. 1 at 4-5.] Count One of the indictment charges Mr. Henderson with failure to register as a sex offender. To obtain a conviction for failure to register as a sex offender, the United States must establish three elements: (1) the defendant had a duty to register as a sex offender, (2) the defendant traveled in interstate or foreign commerce, and (3) the defendant knowingly failed to register or update a registration. 18 U.S.C. § 2250(a); *see, e.g.*, *United States v. Miller*, No. 2:10-CR-196, 2011 U.S. Dist. LEXIS 17010, at *12 (S.D. Ohio Feb. 22, 2011).

The United States argues that it intends to introduce Mr. Henderson's prior bad acts because the 2002 conviction establishes that he had a duty to register as a sex offender and the other acts show his mental state and that he traveled in interstate commerce. [R. 16 at 4-5.] Certainly, Mr. Henderson's 2002 conviction for deviate sexual conduct shows that Mr. Henderson had a duty to register as a sex offender. And Mr. Henderson's other acts show that he

3

traveled in interstate commerce: the 2010 conviction occurred in Kentucky, the 2020 violation resulted in his incarceration in Florida, the first 2021 arrest occurred back in Kentucky, and the second 2021 arrest occurred in Indiana. [R. 16 at 1-3.] Moreover, Mr. Henderson's 2010 conviction and 2020 supervised release violation, both for failure to register as a sex offender, demonstrate that Mr. Henderson knew about his duty to register as a sex offender.

Relating to the 2021 arrest in Indiana, the United States intends to introduce evidence that Mr. Henderson initially identified himself using a false name—Brad Brock—to police. [R. 16 at 3.] After providing the false name, Mr. Henderson told the officer his true social security number, and the officer arrested Mr. Henderson for an unrelated warrant. *Id.* at 3-4. Mr. Henderson does not dispute this account. Using a false identity "to avoid the attention of authorities evinces consciousness of guilt." *United States v. Weaver*, 610 Fed. App'x 539, 542 (6th Cir. 2015). This evasiveness may occur "after any event which would tend to spark a sharp impulse of fear of prosecution or conviction in a guilty mind." *United States v. Dillon*, 870 F.2d 1125, 1128 (6th Cir. 1989). Moreover, "the issue of whether a defendant's evasive conduct evinced consciousness of guilt for a charged offense or was motivated by other reasons is a question for the jury." *Weaver*, 610 Fed. App'x at 542 (citing *Dillon*, 870 F.2d at 1126). Here, evidence that Mr. Henderson provided a false name to police while having not registered as a sex offender is probative of his consciousness of guilt. Although he may have provided the false name to evade police for a different reason, this issue is one for the jury. *See id.*

Mr. Henderson does not dispute that his prior convictions, violation, and arrests themselves are relevant to the charge. [R. 17 at 2-3.] Rather, Mr. Henderson argues that "the details of his [2002] underlying conviction," including the identity of the victim and the specific conduct for which he was charged, will "inflame a jury." *Id.* Similarly, at the hearing, Mr.

4

Henderson argued that evidence showing that he gave a false name to police during the 2021 Indiana arrest is unfairly prejudicial.[1]  Lastly, Mr. Henderson argues that evidence relating to his 2010 conviction, 2020 violation, and 2021 arrests "are not necessary to prove that he traveled in interstate commerce" because he "does not anticipate presenting a defense to the jury that he did not travel in interstate commerce." *Id.* at 3.  These arguments are more properly considered in the next step, which determines whether the evidence's risk of unfair prejudice substantially outweigh its probative value.  *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015).

Once a court finds evidence to be *res gestae*, the Court must still find that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence pursuant to Federal Rule of Evidence 403.  *Churn*, 800 F.3d at 779.  Specifically, the Court must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  *Id.* at 779.  Only in those instances where unfair prejudice is that much weightier than the probative value does this stage of the analysis require exclusion.  The test is strongly weighted toward admission.  *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018).  Yet there is a high likelihood that jurors will use prior acts "precisely for the purpose it may not be considered; to suggest that the defendant is a bad person . . . and that if he 'did it before he probably did it again.'"  *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994).  As a result, the Court must carefully consider the prejudice inherent in each piece of contested criminal history evidence when compared to its corresponding probative value before ruling on its admissibility, and only in instances where there is a substantial risk of prejudice is it proper to

---

[1] Mr. Henderson also asserts that discovery provided by the United States shows that the Defendant told a police officer that he was staying in the local cemetery and EMS personnel that bathing in a lake caused a rash. *Id.* at 4. He argues that the Court should exclude these details as unfairly prejudicial. *Id.* However, the United States did not include these details in its notice, and the parties did not develop argument about them during the hearing. Therefore, the Court will defer ruling on these details until given proper context and argument at trial.

5

exclude evidence on this ground. The Court has broad discretion when ruling on admissibility. *Journey Acquisition-II L.P. v. EQT Production Company*, 830 F.3d 444, 458 (6th Cir. 2016). Mr. Henderson argues that details about his 2002 conviction, evidence that he provided a false name to law enforcement in 2021, and evidence establishing his 2010 conviction, 2020 violations, and 2021 arrests are unduly prejudicial. [R. 17 at 2-4.]

As described by the United States, a jury convicted Mr. Henderson in 2002 "of Criminal Deviate Conduct for anally raping his mother." [R. 16 at 2.] Though this constitutes background evidence relating to Mr. Henderson's duty to register as a sex offender, these details provide limited probative value. On the other hand, these details are highly prejudicial because they would "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); Advisory Committee's Notes on Fed. Rule Evid. 403 (describing that an improper basis of deciding guilt is "commonly, though not necessarily, an emotional one"). Therefore, this evidence is inadmissible because the risk of unfair prejudice substantially outweighs the probative value.

At the same time, the risk of unfair prejudice does not substantially outweigh the probative value for the other evidence that the United States intends to introduce. First, the United States may introduce evidence of the 2010 conviction and 2020 violation for failure to register as a sex offender. Though information that a defendant has committed essentially the same crime as that for which he is on trial "unquestionably has a powerful and prejudicial impact," the risk of unfair prejudice fails to substantially outweigh the probative value. *Johnson*, 27 F.3d at 1193. The convictions are highly probative of Mr. Henderson's knowledge that he was required to register as a sex offender, and Mr. Henderson admits that this will be the primary issue in the case. [R. 17 at 4 ("This case comes down to whether the Defendant 'knowingly'

6

failed to register as a sex offender.")].] In addition, the conviction and violation are probative of whether Mr. Henderson traveled in interstate commerce.

The United States may also introduce evidence of Mr. Henderson's 2021 arrests. The arrests, one in Kentucky and the other in Indiana, show that Mr. Henderson traveled in interstate commerce and demonstrate the timeline of Mr. Henderson's alleged failure to register as a sex offender. [R. 16 at 2-3.] Mr. Henderson argues that the probative value of the arrests is low because "the Defendant does not anticipate presenting a defense to the jury that he did not travel in interstate commerce." [R. 17 at 3.] However, Mr. Henderson has not yet stipulated to traveling in interstate commerce. *Id.* at 4 (providing that "both sides are working through" possible stipulations). Nevertheless, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief*, 519 U.S. at 186-87. And the fact that another piece of evidence speaking to an element of the offense has already been introduced does not render a later piece of evidence needlessly cumulative. *See Vasquez v. Jones*, 496 F.3d 564, 576 (6th Cir. 2007) (explaining that the "mere fact that one other witness has testified to a particular fact does not render other testimony on that point cumulative"). Therefore, the risk of unfair prejudice does not substantially outweigh the probative value of the 2021 arrests.

Lastly, the United States may introduce evidence that Mr. Henderson provided a false name to police during his 2021 arrest in Indiana. Providing a false name to the police is probative of consciousness of guilt and occurred after an officer approached him, "which would tend to spark a sharp impulse of fear of prosecution or conviction in a guilty mind." *Dillon*, 870 F.2d at 1128; *see Weaver*, 610 Fed. App'x at 542. The probative value here is limited. The value is reduced because Mr. Henderson may have provided the false name for a reason other

7

than to avoid prosecution for failure to register as a sex offender. Indeed, the officer ultimately arrested Mr. Henderson for a warrant unrelated to this matter. [R. 17 at 3.] But this issue is for the jury. *See Weaver*, 610 Fed. App'x at 542. The risk of unfair prejudice is limited as well. Mr. Henderson provides no specific prejudice that he will suffer from admission of this evidence other than the general prejudice resulting from any jury learning of bad acts of a defendant. Without more, "nothing about this evidence[] at this point suggests a jury would abandon its obligation to decide the case on the particular facts and law before it." *United States v. Taylor*, No. 1:04-CR-160, 2006 U.S. Dist. LEXIS 84371, at *8-9 (E.D. Tenn. Nov. 17, 2006); *Weaver*, 610 Fed. App'x at 543 (holding that false-name evidence "was not overly prejudicial because lying about one's name does not overtly show propensity to commit the charged offenses"). Therefore, the risk of unfair prejudice does not substantially outweigh the probative value for evidence relating to Mr. Henderson providing a false name to police.

### III

Having considered the issues, the Court concludes that the United States may introduce evidence of Mr. Henderson's 2002 conviction, 2010 conviction, 2020 supervised release violation, and 2021 arrests. Moreover, the United States may introduce evidence that Mr. Henderson provided a false name to police during his 2021 arrest in Indiana. The jurors will "be clearly, simply, and correctly instructed concerning the narrow and limited purpose for which the evidence may be considered." *Johnson*, 27 F.3d at 1193. However, the United States may not introduce evidence detailing the manner and victim of Mr. Henderson's 2002 crime. Therefore, Mr. Henderson's motion is **GRANTED** in part and **DENIED** in part.

This the 22d day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge

9